159 So.2d 61 (1963)
L. C. DRUMMOND et al.
v.
AMERICAN INSURANCE COMPANY et al.
No. 6001.
Court of Appeal of Louisiana, First Circuit.
December 16, 1963.
Seale, Hayes, Smith & Baine, by A. G. Seale, Baton Rouge, for appellants.
Harrison G. Bagwell, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LOTTINGER, Judge.
This is a suit by L. C. Drummond, individually and for the use of his minor daughters, Linda, Cynthia and Sandra Drummond, and by his wife, Mrs. Bonnie Lambert Drummond, to recover for personal injuries and property damage resulting from two automobile accidents. Joined as defendants are Jim Austin Motor Company, Inc. and its liability insurer, American Insurance Company. The Lower Court rendered judgment in favor of the petitioners *62 and against the defendants, and the defendants have appealed.
The record discloses that on January 30, 1960 the Jim Austin Motor Company, Inc. sold and delivered unto Mrs. Bonnie L. Drummond a certain used 1958 Cadillac Coupe de Ville automobile which was warranted for a period of thirty days or 1,000 miles, whichever occurred first, to be in proper operational order. On February 6, 1960 petitioner, L. C. Drummond, accompanied by his three minor daughters were traveling in said automobile in a westerly direction on the Groom Road towards its intersection with U. S. Highway 61 in the parish of East Baton Rouge, Louisiana, at a speed of between 45 and 50 m.p.h. Upon approaching the said intersection Mr. Drummond applied the brakes on the automobile and discovered that he had no brakes whatsoever. The automobile proceeded across. U. S. Highway 61 down an embankment on the west side thereof causing extensive damages to the automobile and inflicting minor injuries on the driver and his three minor children.
The automobile was towed to the Jim Austin Motor Company, Inc. for necessary repairs, and the representatives thereof were informed that the cause of the accident was brake failure. They were asked to carefully inspect the brakes and repair them along with the other damages to the automobile. The car was returned to the petitioners on February 25, after the necessary repairs had apparently been made. On February 27 petitioner made a trip to Mississippi and again had experienced difficulty with his brakes in that they would pull or jerk, and upon his return to Baton Rouge the automobile was again returned to the motor company so that the brakes might be checked and adjusted. The car was again returned to petitioner with the representation that everything was in good working order, however, on March 2, 1960 the car was again returned to the motor company for brake trouble. Subsequently thereto, on March 16, 1960, the car was again returned to the garage for additional work which had not been completed on any of its prior trips to the garage, and again petitioner was assured by the representatives of the defendant that the automobile was in proper operational condition.
On the evening of March 26, 1960, Mrs. Bonnie Drummond used the car to go to a neighborhood grocery store in the town of Baker. After driving about a block, she noticed that the brakes were not working properly, whereupon she turned around to return to her home. Upon reaching her home and turning into her driveway the brakes completely failed, and she ran into the rear of her husband's pick up truck.
The petitioner brought this action alleging both a breach of warranty and negligence on the part of the Jim Austin Motor Company, seeking both personal and property damages resulting from the two aforesaid accidents. American Insurance Company and Jim Austin Motor Company, Inc., defendants in the main action, filed a third party complaint alleging that in the event the Court found Jim Austin Motor Company negligent and rendered judgment against the defendants then, and in that event, there should be judgment in favor of the third party petitioners and against L. C. Drummond for one-half of the amount of the judgment for the benefit of the minor children. The Lower Court rendered judgment in favor of petitioners and against both defendants in the main demand. The third party complaint was dismissed. The defendants have appealed on the main demand, and apparently the third party complaint filed by American Insurance Company and Jim Austin Motor Company has been abandoned. The defendants have also apparently abandoned any complaint as to the amount awarded by the Lower Court, the only argument made before this Court being with regard to contributory negligence on the part of the petitioners.
We are not favored with written reasons by the Lower Court, however, it is obvious that it held negligence on the part of Jim Austin Motor Company and held the petitioner *63 free of any contributory negligence. The complaint upon which the defendants base contributory negligence is the fact that petitioners knew of the defective brakes and continued to operate the automobile despite this knowledge. There is testimony in the record that on February 6, prior to the time of the first accident, Mr. Drummond had applied his brakes and noticed some difficulty. He testified that he could not tell exactly whether it was the brakes or just his own idea. This occurred approximately one hour before the accident. There is also some evidence in the record that Mrs. Drummond, who drove the car from the time of its purchase until Mr. Drummond's trip to Mississippi had advised him that the brakes were not working properly. However, according to the record there had been no complete failure of the brakes until the time of the first accident. Furthermore there is testimony in the record concerning the second accident to the effect that while Mrs. Drummond was driving to the store and when she reached a point approximately one block from her house a dog or something ran in front of her car. She testified that "* * * it seemed like my brakes didn't hold like they should * * *", so she turned around to go back home because she was scared to enter the highway and proceed to the store. The second accident occurred the first time the car was driven after it had been in the garage for repairs.
It is upon the above testimony that the defendants base their contention of contributory negligence. In support of this they cite Blashfield Cyclopedia of Automobile Law and Practice, Vol. 7.A. Ss 4812, page 104:
"With regard to used cars, it is sound law that a dealer in used or second hand motor vehicles, who undertakes to recondition such a vehicle for resale is not a virtual insurer of the safety thereof and need not disassemble the entire vehicle nor examine each part before selling it. He is, nevertheless, under a duty to use reasonable care in making tests for defects which would render the vehicle a menace to persons using or coming into contact with it and making it reasonably safe for use on the highways. It follows that although he need not inspect the vehicle for latent defects, he is charged with knowledge of patent defects or defects which are discoverable in the exercise of ordinary care."
In 78 A.L.R.2d 484 Ss 5(a), the rule is stated to be:
"A used car dealer is not an insurer of the cars he sells, nor does he bear the degree of responsibility borne by purveyors of articles inherently or intrinsically dangerous to life. Such a seller must exercise ordinary care. It has been said that he must exercise such care to ascertain the condition of the product he sells * * *."
And at p. 484 of 78 A.L.R.2d, Ss 5(b):
"It has been held that a used car dealer is not required to inspect the car he sells for latent defects. He is not required to disassemble an entire vehicle to examine each of its parts prior to selling it."
The record discloses that the defect in the automobile consisted of a defective power brake cylinder which was replaced by Dye's Garage subsequent to the second accident. The petitioners have had no trouble with the brakes since this replacement.
We believe that the record shows without question that the Jim Austin Motor Company is legally liable to the petitioner in damages. They sold this used automobile to petitioner with the usual used car warranty. No inspection was made of this car prior to the sale, it was only testified that various salesmen used it on occasion to run errands. We believe that had the car been properly inspected and properly road tested the defect would become apparent, if, in fact the defendant did not know of the defect. Certainly, considering the number of *64 times that the car had been returned to the garage, the defendant should have realized that there was something radically defective with the braking system. It is worthy of note that Dye's Garage had the car in for repairs of the brakes on only one occasion during which the cause of failure was discovered and repaired, and no difficulty has been encountered since. We feel, therefore, that Jim Austin Motor Company was negligent and that they must be held responsible for the damages sustained by petitioners. The petitioners, on the other hand, are not mechanics, and although they may have noticed that the brakes were not properly operating both before the first accident and before the second accident, we do not believe that they could be considered as having been placed on notice that the brakes were about to fail completely.
We find no obvious error in the findings of fact of the Lower Court and the judgment of the Lower Court will be affirmed. For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.